**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                    Case No. 3:07-cr-264-J-25HTS

RICKY JEROME SMITH

_____

**O R D E R**

On October 11, 2007, the Court entered an Order (Doc. #19;
Order) requiring that Defendant be examined to determine if he is
competent to stand trial.  Pursuant to Title 18, United States
Code, Sections 4241 and 4247, the Court appointed Dr. Alan J.
Harris, an expert in the field of psychology, to conduct an
examination, *see* Order at 1, and Defendant was examined by Dr.
Harris on October 26, 2007.  *See* Government Exhibit 1 at 1.  At the
conclusion of the examination, Dr. Harris submitted a report to the
Court dated October 31, 2007.  *See id.*  In the report, Dr. Harris
diagnosed Defendant as having a "[m]ood disorder NOS; probable
bipolar disorder with psychosis[, r]ule out undifferentiated
schizophrenia[, a]lcohol dependence[, e]stimated mild mental
retardation[, and s]chizoid personality disorder[.]"  *Id.* at 4.  He
concluded Mr. Smith was "mentally incompetent, to the extent that
he is unable to rationally and factually understand the nature of
the consequences of the proceedings, or properly assist in his
defense."  *Id.*  Further, Dr. Harris opined Mr. Smith "does not have

the ability to consult with counsel with a reasonable degree of rational, as well as factual, understanding of the proceedings." *Id.*

On November 1, 2007, a hearing was held in order to permit Dr. Harris to testify regarding Defendant's competence.   During the hearing, Dr. Harris reiterated his conclusion that Mr. Smith is mentally incompetent.   However, he believes that restoration of competence can likely be achieved in this case. *See also id.* at 4.

Based on Dr. Harris's report and testimony at the hearing, the Court finds by a preponderance of the evidence that Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," 18 U.S.C. § 4241(d), and is, therefore, not competent to stand trial at this time.

Accordingly, pursuant to Title 18, United States Code, Section 4241, Defendant is committed to the custody of the Attorney General, or his duly authorized representative, who shall hospitalize Mr. Smith for treatment in a suitable facility for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[,]" and any additional reasonable period of time permitted under Section 4241(d)(2).

Periodic submission of status reports will not be required. However, upon the conclusion of Defendant's stay at the facility, a report shall be filed with the Court.  Copies of the report should be furnished to Mark Rosenblum, Esquire (counsel for Defendant), at 500 N. Ocean Street, Jacksonville, Florida, 32202, and Frank Talbot, Assistant U.S. Attorney, at P.O. Box 600, Jacksonville, Florida, 32201.

The United States Marshal is directed to immediately transport Defendant to the institution designated for the purpose of this commitment by the most expeditious and direct means available.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of November, 2007.


/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE



Copies to:

The Honorable Henry L. Adams, Jr.
United States District Judge
Assistant United States Attorney (Talbot)
Mark Rosenblum, Esquire
United States Marshal Service